## Brown v. Exeter Machine Works, Appellant.

*Contract—Severable contract—Payments.*

A contract provided for the furnishing of specifications and drawings for four locomotive cranes of five, fifteen and twenty tons respectively. The consideration was five hundred dollars payable in installments of five hundred dollars each as the drawings for each crane were respectively delivered. The sets for the five- and ten-ton cranes were delivered and paid for. On the sheets or drawing for the ten-ton crane there were dimensions for a fifteen- and twenty-ton crane, but no separate drawings were ever delivered for them. The excuse for not delivering the two sets of drawings for the larger cranes was that they were not necessary, and that the sets of drawings delivered covered all four items of the contract. *Held,* (1) that the contract was severable; (2) that it was error to direct a verdict for the plaintiffs because defendant had retained the drawings and specifications without protest and without any offer to return them.

Whether a contract is entire or divisible depends on the intention of the parties as manifested by the language employed, rather than in the character of the subject-matter or of the consideration, though this is an aid in determining the intent. If the part to be performed by one party consists of several distinct items and the price to be paid by the other is apportioned to each item or is left

to be implied by law, generally the contract is held to be sever-
able.

Argued March 1, 1915.  Appeal, No. 1, March T., 1915,
by defendant, from judgment of C. P. Luzerne Co., May
T., 1911, No. 704, on verdict for plaintiff in case of
Brown & Gates v. Exeter Machine Works.  Before RICE,
P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Re-
versed.

Assumpsit for drawings and specifications delivered
by engineers.  Before GARMAN, J.

The facts are stated in the opinion of the Superior
Court.

Plaintiff presented the following point:

1. "The uncontradicted evidence being that the de-
fendant has retained the drawings and specifications fur-
nished by the plaintiff without any offer to return the
same and without protest, defendant is legally liable for
the contract price and the verdict must be for the plain-
tiff."  Answer affirmed.

Verdict and judgment for plaintiff for $1,190.  De-
fendant appealed.

*Error assigned* was in giving binding instructions for
plaintiff.

*H. A. Gordon,* with him *A. L. Williams,* for appellant.
—The question as to whether separate drawings and
specifications for a fifteen- (15) and for a twenty- (20)
ton locomotive crane were to be delivered by the plaintiff,
was under all the circumstances, a question for the jury.:
Miller v. Eichberg, 41 Sup. Ct., 435; Nolt v. Crow, 22
Pa. Superior Ct. 113; Shaw v. Lewistown, Etc., Turn-
pike Co., 2 P. & W. 454; Crawford v. McKinney, 165
Pa. 605.

*W. Alfred Valentine,* with him *W. N. Reynolds, Jr.,*

for appellee.—The receipt of the goods becomes an acceptance if the right of rejection is not exercised within a reasonable time: American Watch Tool Co. v. Mfg. Co., 18 Pa. Superior Ct. 24; Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186; Dailey v. Green, 15 Pa. 118; Werner Saw Mill v. Ferree, 201 Pa. 405; Krauskopf v. Yarn Finishing Co., 26 Pa. Superior Ct. 506.

OPINION BY TREXLER, J., July 21, 1915:

Parties entered into a contract for the furnishing of specifications and drawings for five-, ten-, fifteen- and twenty-ton locomotive cranes. The consideration was $2,000. We quote from the contract, "This amount is to be paid to us in installments of $500, each as follows: $500 on delivery of the drawings and specifications for 5-Ton Loco. C. $500 on delivery of the drawings and specifications for 10-Ton Loco. C. $500 on delivery of the drawings and specifications for 15-Ton Loco. C. $500 on delivery of the drawings and specifications for 20-Ton Loco. C." In October, 1910, plaintiffs wrote that they were forwarding under separate cover certain drawings and specifications of a standard five-ton locomotive crane. "This constitutes the complete delivery of a five-ton locomotive crane, drawings and information, as agreed upon." On October 24, 1910, plaintiffs wrote defendant, "We have a ten-ton crane well under way and expect to be able to send you a general lay out sketch of it within the next few days." The defendant paid the $500 as agreed, for the five-ton crane drawings and specifications and $500 for the ten-ton crane. On the sheets or drawings of the ten-ton crane as delivered there were dimensions for a fifteen- and a twenty-ton crane, but there were no separate drawings ever sent for the larger sizes and none were ever delivered by plaintiffs or defendant.

Plaintiffs have brought suit for $1,000 alleged to be due for the third and fourth items of the contract, being the fifteen- and twenty-ton cranes. On the trial of the

case, the judge gave binding instructions for plaintiffs' giving as a reason therefor, the fact that defendant had received the goods contracted for, had a reasonable time to examine them and ascertain their quality and that it is deemed to have accepted them because its officers did not promptly exercise their right to reject them.

The contract is in relation to four distinct subjects and in our opinion is severable. It designates certain plans of cranes of various sizes, each to be delivered at a certain stipulated sum. Whether a contract is entire or divisible depends on the intention of the parties as manifested by the language employed, rather than in the character of the subject-matter or of the consideration, though this is an aid in determining the interest. If the part to be performed by one party consists of several distinct items and the price to be paid by the other is apportioned to each item or is left to be implied by law, generally the contract is held to be severable: Nolt v. Crow, 22 Pa. Superior Ct. 113; West Republic Mining Co. v. Jones, 108 Pa. 55. Furthermore it may be urged that from the correspondence of the parties they regarded the contract as severable. Certainly the reference in the letters of the plaintiffs, to the five-ton crane, as well as to the ten-ton crane would indicate that in their minds the consideration mentioned was distinctly given for the plans of the particular crane, that had been fowarded. The matter then narrowed down to the question as to whether plaintiffs had performed their contract in relation to the ten- and twenty-ton cranes. It was admitted by plaintiffs that no separate drawings had been sent in regard to them. Plaintiffs' excuse for their failure to send them, was testimony to the effect that according to engineering practices, the drawings were not required and that the two sets of drawings covered the four items of the contract. The testimony thus resolved itself, not into a question of law for the court, but a question of fact for the jury. If plaintiffs performed their contract, they were entitled to recover.

If they failed to do so, they were not. If the data given by the plaintiffs comprised plans and specifications for a ten- or twenty-ton crane, they thus fulfilled the requirements of the contract in that respect, and they should recover; if, however, they did not, they failed to perform what they agreed to perform and their action falls.

The court, however, as we have stated before, directed a verdict for the plaintiffs by reason of the fact that defendant has retained the drawings and specifications without protest and without any offer to return them. In this we think the court erred. As we take the view that the contract was severable, defendant having received the ten-ton drawings and specifications was required to pay $500 for them. This closed the transaction as far as the ten-ton crane was concerned. It could not be required to return the ten-ton plans as unsatisfactory because they had certain references to the dimensions required for a fifteen- and twenty-ton crane. The contract as far as the ten-ton crane was concerned was performed and the price therefor paid. Its acceptance and payment of that part of the contract cannot as a matter of law be regarded as a waiver of the contract which required the plaintiffs under separate items to deliver the drawings and specifications for a fifteen-ton crane or for a twenty-ton crane. Although the plaintiffs claim that what they gave to the defendant was a compliance with their contract, the defendant asserts that the fifteen- and twenty-ton crane drawings were never furnished and if this be true, the plaintiffs have not performed their part of the contract, and payment cannot be required. The case differs essentially from those where a retention of the goods precludes the buyer from alleging that the goods were not of the character and quality called for by the contract. We know of no principle of law which holds that the acceptance and payment of a distinct item of a severable contract obligates the buyer to pay for other items, which he claims have not been furnished.

We think the question of whether the plaintiffs had

fulfilled their engagements under the contract should have been submitted to the jury.

The judgment is reversed and a venire facias de novo awarded.