J-A16029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARI ENTERPRISES, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CYNTHIA L. MCGINLEY, AS ADMINISTRATRIX FOR THE ESTATE OF JOHN CAIACCIA AKA JOHN A. CAIACCIA | |
| Appellee | No. 1249 WDA 2015 |

Appeal from the Order August 5, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD-15-007636

BEFORE:  SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 17, 2016**

Appellant, ARI Enterprises, LLC, appeals from the order entered on August 5, 2015, which sustained the preliminary objections filed by Cynthia L. McGinley, as administratrix for the estate of John Caiaccia a/k/a John A. Caiaccia (hereinafter "Defendant"), and dismissed Appellant's complaint with prejudice.  We vacate and remand.

On May 14, 2015, Appellant filed a complaint against Defendant, seeking specific performance for the sale of real property.  Appellant averred that, on March 10, 2015, Defendant agreed to sell it certain real property, located at 147 43rd Street, Pittsburgh, PA  15201, Lot and Block Number 49-B-73 (hereinafter "147 43rd Street"), for $50,000.00.  Appellant's Complaint,

---

*Retired Senior Judge assigned to the Superior Court.

5/14/15, at ¶ 3.[1]  Appellant averred that it paid Defendant the required $1,000.00 earnest deposit; however, even though Defendant accepted the earnest money, Defendant refused to deliver the real property, as *per* the agreement.  *Id.* at ¶¶ 6-11.  Appellant requested that the trial court issue an order directing Defendant to specifically perform under the agreement and deliver the real property to Appellant.  *Id.* at Wherefore Clause.

Moreover, Appellant attached the relevant agreement to its complaint. In pertinent part, the agreement declares:

> **Agreement to Sell Real Estate**
>
> This Agreement is made on 10th of March 2015, between John A Caiaccia, Seller, of 147 & 144 43rd St, City of Pittsburgh, State of PA, and ARI Enterprises LLC, Buyer, of 1004 Fawn Valley Dr, City of Canonsburg, State of P.A. 15317.
>
> The Seller now owns the following described real estate, located at 144 & 147 43rd St, City of Pittsburgh, State of PA. 15201. . . .
>
> For valuable consideration, the Seller agrees to sell and the Buyer agrees to buy this property for the following price and on the following terms:
>
> 1. The Seller will sell this property to the Buyer, free from all claims, liabilities, and indebtedness, unless noted in this Agreement.

---

[1] Appellant averred that John A. Caiaccia had owned the property while he lived and, on August 19, 2003, Cynthia L. McGinley was granted Letters of Administration for the Estate of John Caiaccia.  Appellant's Complaint, 5/14/15, at ¶¶ 4-5.

. . .

3. The Buyer agrees to pay the Seller the sum of $<u>84,900 – Cash</u>, which the Seller agrees to accept as full payment. . . .

4. The purchase price will be paid as follows:

Earnest deposit                          $<u>1,000.00</u>
(upon signing this Agreement)

Other deposit:                           $<u>54,900.00</u>
<u>On or before 9-9-15</u>

Cash or certified check on               $<u>29,000.00</u>
closing . . .

Total Purchase Price                     $<u>84,900 for both</u>
                                              147 43rd – 50,000
                                              144 43rd – <u>34,900</u>
                                                         84,900

5. The Seller acknowledges receiving the Earnest money deposit of $<u>1000.00</u> from the Buyer. If Buyer fails to perform this Agreement, the Seller shall retain this money. If Seller fails to perform this Agreement, this money shall be returned to the Buyer or the Buyer may have the right of specific performance. . . .

6. This Agreement will close on <u>March 31</u>, at <u>3:00</u> o'clock, at <u>428 Forbes Ave</u>, City of <u>Pittsburgh</u>, State of <u>P.A. 15219</u>.

At that time, and upon payment by the Buyer of the portion of the purchase price then due, the Seller will deliver to Buyer the following documents:

. . .

(b) A Warranty Deed for the real estate

(c) A Seller's Affidavit of Title

(d) A Closing Statement

. . .

- 3 -

16. Seller agrees to provide Buyer with a Real Estate Disclosure Statement (or its equivalent that is acceptable in the State in which the property is located) within five [] days of the signing of this Agreement. Upon receipt of the Real Estate Disclosure Statement from Seller, Buyer shall have five [] business days within which to rescind this Agreement by providing Seller with a written and signed statement rescinding this Agreement. The disclosures in the real Estate Disclosure Statement are made by the seller concerning the condition of the property and are provided on the basis of the seller's actual knowledge of the property on the date of this disclosure. . . .

. . .

18. No modification of this Agreement will be effective unless it is in writing and is signed by both the Buyer and Seller. This Agreement binds and benefits both the Buyer and Seller and any successors and assigns. Time is of the essence of this Agreement. The acceptance of a deed by the Buyer shall be considered full performance of every obligation of the Seller under this Agreement. This document, including any attachments, is the entire agreement between the Buyer and Seller. This Agreement is governed by the laws of the State of <u>Pennsylvania</u>.

<u>/s [Defendant]</u>
Signature of Seller

. . .

<u>/s [Appellant]</u>
Signature of Buyer

Agreement of Sale, dated 3/10/15, at 1-5 (hereinafter "the Agreement" or "Agreement of Sale").

On June 22, 2015, Defendant filed preliminary objections to Appellant's complaint. As Defendant claimed, "[Appellant] attached [to its complaint] . . . an integrated land sale agreement for two [] parcels of land,

but [Appellant] seeks partial specific performance as to only one parcel (147 43rd Street . . .), [and] not the other parcel (144 43rd Street . . .)." Defendant's Preliminary Objections, 6/22/15, at ¶ 2. Defendant argued that "Pennsylvania does not recognize a cause of action for partial specific performance of an integrated land sale agreement;" and, since Appellant's complaint seeks "partial specific performance of an integrated land sale agreement," Appellant's complaint is legally insufficient and must be dismissed. *Id.* at ¶¶ 5-8.

Further, Defendant claimed, "[t]itle to [144 43rd Street] is held by co-owners [Defendant] and William Gialanella, as tenants in common;" however, William Gialanella did not sign the written Agreement of Sale. *Id.* at ¶¶ 11 and 13. Therefore, Defendant claimed, "the entire [Agreement of Sale] . . . fails under the Statute of Frauds [and] . . . is void *ab initio*." *Id.* at ¶¶ 14-15.

Appellant responded to Defendant's preliminary objections and denied that it sought "partial specific performance." Rather, Appellant claimed, it sought specific performance for the sale of an entire, single, undivided parcel of property – 147 43rd Street. Moreover, Appellant noted, within the Agreement of Sale, the parties "clearly stat[ed] the total price for both parcels, as well as the apportioned prices for each parcel. The Agreement lists an apportioned price of $50,000.00 for the subject property, and an apportioned price of $34,900.00 for 144 43rd Street." Appellant's Response, 7/20/15, at ¶¶ 2-6. Therefore, Appellant claimed, under the Agreement, the

sale of 147 43rd Street is divisible from the sale of 144 43rd Street – and Appellant is entitled to receive specific performance for the sale of 147 43rd Street. *Id.* at ¶ 7.

Finally, Appellant responded to Defendant's claim that the Agreement of Sale is "void *ab initio*" because William Gialanella, the purported co-owner of 144 43rd Street, did not sign the agreement. As Appellant argued, since the Agreement is severable or divisible and since it was "not seeking specific performance of 144 43rd Street," "ownership of 144 43rd Street is irrelevant to the within action." *Id.* at ¶ 11.

The trial court held argument on Defendant's preliminary objections and, on August 5, 2015, the trial court entered an order sustaining the preliminary objections and dismissing Appellant's complaint with prejudice. Trial Court Order, 8/5/15, at 1. Within its later-filed opinion to this Court, the trial court declared that it dismissed Appellant's complaint first because William Gialanella was not a party to the Agreement and, thus, according to the trial court, the Agreement was void *ab initio*. Trial Court Opinion, 9/29/15, at 2. Second, the trial court declared:

> assuming *arguendo* that the Agreement was not void *ab initio*, [the trial court] did not find that the intent of the parties was clear. The [A]greement was for the sale of both parcels. So regardless of whether the contract apportions price terms for each parcel, Defendant's intent may have been to sell "both parcels" or none.

*Id.*

Thus, even though the trial court could not determine the intent of the parties, the trial court concluded that the contract was not severable or divisible and that Appellant's claim for specific performance failed. *Id.*

Appellant filed a timely notice of appeal on August 13, 2015. However, on October 29, 2015, Appellant filed in this Court a petition for remand, requesting that we remand the case to the trial court because of newly discovered evidence. In relevant part, the petition declared:

> 5. Appellant's Complaint requested a judgment directing [Defendant] to specifically perform under the Agreement with respect to 147 43rd Street only.
>
> 6. Appellant's Complaint did not request a judgment directing [Defendant] to specifically perform under the Agreement with respect to 144 43rd Street, because the public records reflected that the owners of said property were John Caiaccia and William Gialanella.
>
> 7. [Defendant] filed preliminary objections and a brief in support on June 22, 2015 and [] argued . . . that, "absent a signed writing of William Gialanella, the entire [Agreement] is void *ab initio*."
>
> 8. The [trial court's order] dismissed [Appellant's] complaint with prejudice. According to [its opinion,] the trial court dismissed Appellant's complaint because it agreed with [Defendant] that the Agreement was void *ab initio*. . . .
>
> 9. Based upon the trial court's opinion, it was obviously an important fact that William Gialanella was a co-owner of 144 43rd Street but did not sign the Agreement.
>
> 10. . . . [O]n October 23, 2015[,] undersigned counsel learned that [Defendant] was the sole owner of 144 43rd Street at the time that the Agreement was entered into on March 10, 2015. A true and correct copy of the deed to 144 43rd Street is attached hereto as Exhibit "2" which shows

that title was transferred to [Defendant] on April 25, 2006 but that the deed was not recorded until September 29, 2015.

11. [Defendant] was aware that she was the owner of 144 43rd Street when she entered into the Agreement with Appellant on March 10, 2015 and she was further aware that she was the sole owner during the legal proceedings, nevertheless, she let her attorney . . . make false representations in her preliminary objections and in oral argument to the trial court that she was not the owner of 144 43rd Street.

12. [Defendant] has clearly committed a fraud upon the court by withholding material information that she was in fact the owner of 144 43rd Street at all relevant times.

13. As the Superior Court is not a court of record, Appellant is requesting that this matter be remanded back to the trial court so that Appellant may introduce the deed [] into the record for consideration by the trial court.

Appellant's Petition for Remand, 10/29/15, at ¶¶ 5-13 (internal emphasis and some capitalization omitted).

On November 6, 2015, we entered an order that deferred the disposition of Appellant's petition to the merits panel of this Court. Order, 11/6/15, at 1.

On appeal, Appellant raises the following claims:

[1.] Did the trial court commit an error of law when it [sustained Defendant's] preliminary objections by finding that the Agreement of Sale is not severable because the trial court failed to determine the intent of the parties and because the plain meaning of the Agreement and the rules of construction clearly show that the parties intended the Agreement to be severable?

[2.] Did the trial court commit an error of law when it [sustained Defendant's] preliminary objections by finding

- 8 -

that the Agreement of Sale is void *ab initio* because the Agreement is severable and therefore not void *ab initio* as to 147 43rd Street?

[3.] Should this Honorable Court remand the within matter pursuant to the Rule 123 application for relief or petition to request remand that was filed with the Court on October 29, 2015?

Appellant's Brief at ix (some internal capitalization omitted).[2]

We have stated:

A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

---

[2] For ease of discussion, we have re-ordered Appellant's claims on appeal.

*Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super. 2009) (internal citations, quotations, and corrections omitted).

With respect to contract interpretation, our Supreme Court has held:

The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. The whole instrument must be taken together in arriving at contractual intent. Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. When a writing is clear and unequivocal, its meaning must be determined by its content alone.

Only where a contract's language is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties. A contract contains an ambiguity if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This question, however, is not reviewed in a vacuum. Instead, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts.

*Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429-430 (Pa. 2001) (internal quotations and citations omitted). Moreover, "[i]t has long been accepted in contract law that an ambiguous written instrument presents a question of fact for resolution by the finder-of-fact, whereas the meaning of an unambiguous written instrument presents a question of law for resolution by the court." *Cmty. Coll. of Beaver County v. Cmty. Coll. of Beaver County, Soc. of the Faculty (PSEA/NEA)*, 375 A.2d 1267, 1275 (Pa. 1977).

Appellant first claims that the trial court erred in holding – at the preliminary objection stage – that the Agreement was entire and not severable. We agree.

In the case at bar, Appellant and Defendant entered into a single agreement for the sale of two separate properties; yet, in Appellant's complaint, Appellant requested specific performance for the sale of only one of the properties covered by the Agreement. Under Pennsylvania law, a plaintiff may not receive "partial specific performance of an indivisible contract for the sale of land." ***Jones v. Gravity Fill Serv. Station***, 64 A.2d 490, 492 (Pa. 1949). Nevertheless, in the trial court, Appellant contended that the Agreement was divisible and that Appellant could thus seek specific performance for the sale of 147 43rd Street – and yet not seek specific performance for the sale of 144 43rd Street. The trial court held otherwise and declared that the Agreement was not severable or divisible. According to the trial court, it concluded that the agreement was not severable because it "did not find that the intent of the parties was clear" regarding severability and that, even though the "contract apportion[ed] price terms for each parcel, Defendant's intent may have been to sell 'both parcels' or none." Trial Court Opinion, 9/29/15, at 2.

As Appellant argues on appeal, the trial court concluded that the Agreement was not severable and yet "entirely failed to make a determination regarding the dispositive question – the intent of the parties." Appellant's Brief at 4. Further, Appellant claims that the trial court's ruling

and determination in this case violated "the well[-]established standard of review for preliminary objections in the nature of a demurrer."  ***Id.*** at 4-5. We agree and thus vacate the trial court's order.

As our Supreme Court has held, to determine whether a contract is entire or severable:

> there is no bright line rule requiring that a court first find that the intent of the parties is unclear as to entirety/severability before it may look to factors such as the conduct of the parties and the character of the consideration to determine whether an agreement is entire or severable.  The central task is to ascertain the intent of the parties.  That intent may be apparent from the explicit language of the contract . . . or it may be obvious from a "construction" of the agreement, including the nature of the consideration. . . .  In short, principles of construction may reveal the intent of the parties no less than the actual language addressing entirety/severability.  Thus, [the Supreme] Court holds that, absent express language that a contract is entire, a court may look to the contract as a whole, including the character of the consideration, to determine the intent of the parties as to severability and may also consider the circumstances surrounding the execution of the contract, the conduct of the parties, and any other factor pertinent to ascertaining the parties' intent.  The court need not make a specific predicate finding of ambiguity before undertaking the inquiry – indeed, if the contract were crystal clear as to the parties' intent, severability likely would not be a contested issue.

***Jacobs v. CNG Transmission Corp.***, 772 A.2d 445, 452 (Pa. 2001).

Here, the parties failed to include express language, in the Agreement of Sale, regarding the severability (or non-severability) of the contract. Therefore, in accordance with the ***Jacobs*** Court's holding, a court must "look to the contract as a whole, including the character of the consideration, to

determine the intent of the parties as to severability and may also consider the circumstances surrounding the execution of the contract, the conduct of the parties, and any other factor pertinent to ascertaining the parties' intent." *Id.* Yet, as is evident, certain of these considerations lie completely outside of a court's scope of review at the preliminary objection stage of the proceedings. Indeed, the pleadings and the four-corners of the Agreement here do not shed any light on the "the circumstances surrounding the execution of the contract," "the conduct of the parties," or "other factor[s] pertinent to ascertaining the parties' intent" – such as the spatial relationship between the properties; whether the properties lie directly next to one another; whether the individual properties were contracted to be sold at fair market value; whether (or not) Defendant agreed to a discounted purchase price if Appellant agreed to purchase both properties; whether (or not) Appellant agreed to an increased purchase price if Defendant agreed to sell both properties; or, as the trial court notes, whether Defendant intended to "sell both parcels or none." Trial Court Opinion, 9/29/15, at 2 (internal quotations omitted). Moreover, the "character of the consideration" is ambiguous as to the parties' intent regarding severability. This is because Appellant and Defendant established a single price for the sale of two separate properties, but then apportioned the prices for the individual properties. *See* Agreement of Sale, dated 3/10/15, at ¶¶ 3-4; *see also Brown v. Exeter Mach. Works*, 60 Pa. Super. 365, 368 (1915) ("[i]f the part to be performed by one party consists of several distinct items and the

price to be paid by the other is apportioned to each item or is left to be implied by law, generally the contract is held to be severable").

Thus, at this stage of the proceedings, we agree with the trial court that the parties' intent regarding severability is simply not clear. Trial Court Opinion, 9/29/15, at 2. Given this fact, the trial court should not have sustained Defendant's preliminary objections. Simply stated, the pleadings and the four-corners of the Agreement do not "say[] with certainty that no recovery is possible." *Griffin v. Rent-A-Center, Inc.*, 843 A.2d 393, 394-395 (Pa. Super. 2004). The trial court therefore abused its discretion when, at the pleadings stage, it concluded that the Agreement was not severable, sustained Defendant's preliminary objections, and dismissed Appellant's complaint.

With respect to Appellant's second claim, Appellant contends that the trial court erred when it sustained Defendant's preliminary objections "by finding that the Agreement of Sale is void *ab initio* because the Agreement is severable and therefore not void *ab initio* as to 147 43rd Street." Appellant's Brief at ix. We have concluded that the trial court erred in holding that the Agreement was not severable. Therefore, even if the Agreement is void as to 144 43rd Street,[3] Appellant has successfully pleaded a cause of action for

---

[3] Obviously, the averments contained in (and the exhibits attached to) Appellant's Petition for Remand place grave doubt upon the determination that the agreement to sell 144 43rd Street is void *ab initio*.

specific performance as to 147 43rd Street. ***Barb-Lee Mobile Frame Co. v. Hoot***, 206 A.2d 59, 61 (Pa. 1965) ("where a contract is divisible[,] one part of it may be void while the other is not") (internal quotations and citations omitted). The trial court erred in holding otherwise.[4]

Petition for Remand denied as moot. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016

---

[4] Since we are remanding this case to the trial court, we deny Appellant's "Petition for Remand" as moot.